IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIMBERLY SUE YOUNG            *
                                                 *
           v.                                      *           Civil Case No. DKC-18-47
                                                 *
COMMISSIONER, SOCIAL SECURITY[1]    *
                                                 *
                                       *************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 5]. I have considered the Social Security Administration's ("SSA's") Motion to Dismiss, and the Response filed by Plaintiff Kimberly Sue Young, who appears *pro se*. [ECF Nos. 15, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the SSA's motion be granted, and that the case be dismissed as untimely filed.

On May 12, 2017, the Appeals Council mailed Ms. Young notice of its decision denying her request for review of an unfavorable decision issued by an Administrative Law Judge ("ALJ"). [ECF No. 15-2 at 19-21]. That notice also advised Ms. Young of her statutory right to commence a civil action in United States District Court within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g)-(h). The SSA's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. *See* 20 C.F.R. §§ 404.901, 422.210(c). Ms. Young has not alleged that she received the notice outside of the statutory time period. She therefore had to file her civil action on or

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

before July 17, 2017. Instead, Ms. Young filed her complaint more than five months late, on January 5, 2018. [ECF No. 1]. Ms. Young's response to the SSA's motion in this case addresses the merits of her claims, but does not provide any reason for the tardy filing of her appeal. [ECF No. 18].

Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. There is no agreement to toll the deadlines in this case. Moreover, "because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000). Ms. Young has not alleged, and the record does not reflect, any misconduct on the part of the SSA in this case. As a result, equitable tolling is not warranted. Ms. Young filed her case after the statutory limitations period had run, and I therefore recommend that the SSA's Motion to Dismiss be granted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss [ECF No. 15]; and
2. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  July 9, 2018                                             /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge