IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

                                    :
KIMBERLY SUE YOUNG
                                    :

    v.                              :    Civil Action No. DKC 18-0047

                                    :
COMMISSIONER, SOCIAL SECURITY
                                    :

                    **MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint seeking judicial review pursuant to 42 U.S.C. § 405(g), claiming that the Social Security Administration's final decision denying her claim for disability benefits is erroneous. (ECF No. 1). Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, moved to dismiss Plaintiff's complaint, arguing that it was filed untimely and ineligible for equitable tolling of the applicable statute of limitations. (ECF No. 15). Plaintiff filed a response in opposition on June 13, 2018. (ECF No. 18). No reply was filed.

**A.   Factual Background**

The Administrative Law Judge issued a decision denying Plaintiff's claims on January 28, 2016. (ECF No. 15-2). Plaintiff requested review of the ALJ's decision. By letter dated May 12, 2017, the Social Security Administration's Office of Disability Adjudication and Review notified Plaintiff that

its review of her claim revealed no basis for changing the Administrative Law Judge's decision. (ECF No. 15-2, pp. 19-21). The letter also instructed Plaintiff that, if she chose to file a civil action requesting court review of her claim, she must do so within 60 days. The letter advised: "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. . . . You must mail your request for more time to the Appeals Council at the address shown at the top of this notice." (ECF No. 15-2, pp. 20-21). Plaintiff attempted to request reconsideration of her disability claim or an extension of time to file the civil action by mailing a letter dated June 21, 2017 (ECF No. 18-1, pp. 23-24), to the Office of Disability Adjudication and Review on June 30, 2017 (see certified mail receipt at ECF No. 18-1, p. 3). The statutory time period that Plaintiff was permitted to request court review closed on July 17, 2017. (ECF No. 15-2, p. 20) (60 days after the Office of Disability Adjudication and Review's May 12, 2017, Notice to Plaintiff, allowing 5 additional days for mailing). Plaintiff filed a Complaint for Denied Social Security Claim in the United States District Court for the District of Maryland on January 5, 2018. (ECF No. 1).

**B. Standard of Review**

Under 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings and report proposed findings of fact and recommendations for action on a dispositive motion. Thereafter,

> A party who is aggrieved by a magistrate judge's report and recommendation as to a dispositive motion must file "specific written objections to the proposed findings and recommendations" within fourteen days. Fed.R.Civ.P. 72(b)(2). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). But, the court "need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F.Supp. 153, 154 (D.Md.1993). As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315–16 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee note), *cert. denied*, 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006).

*Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 534-35 (D. Md. 2011).

By paperless order, this action was referred to Magistrate Judge Stephanie A. Gallagher for pretrial management and preparation of a Report and Recommendations pursuant to Standing Order 2014-01. Judge Gallagher issued a Report and

3

Recommendations on July 9, 2018, concluding that the Social Security Administration's motion to dismiss should be granted and the case dismissed as untimely filed. (ECF No. 19). The parties were advised that any objections to Judge Gallagher's Report and Recommendations should be filed within fourteen (14) days under Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b). (ECF No. 19). The parties allowed the period for objection to expire without protest. Based on a review of the record, the undersigned will provide Plaintiff additional time to supplement the record for the reasons stated below.

**C.  Analysis**

The Social Security Act (the "Act") provides procedural guidelines for parties seeking judicial review of a benefits determination:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) of the Act adds that "[n]o findings of fact or decision of the Commissioner . . . shall be reviewed . . . except as provided" under Title II of the Act. *Id.* § 405(h).

However, equitable tolling of the 60-day period is appropriate if consistent with congressional intent and warranted by the facts of the case. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Tolling is permitted "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citation omitted); *see Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965) (statute of limitations tolled after plaintiff timely filed suit in the wrong court). Adversely, tolling will not be permitted where Plaintiff merely failed to exercise due diligence in correctly and timely filing her claim. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) (tolling was not granted after the court thrice advised the plaintiff of the actions she must undertake to preserve her claim and she failed to timely comply).

Plaintiff indicated some intent to seek review of the Appeals Council's May 12, 2017, decision by mailing a document (ECF No. 18-1, pp. 23-24) to the Office of Disability Adjudication and Review on June 30, 2017 (ECF No. 18-1, p. 3). She states she never received a response. As it stands, the record does not provide adequate information to determine whether Plaintiff is entitled to equitable tolling of the statutory period for requesting civil review of her disability

claim. Plaintiff will be given twenty-eight (28) days to provide additional information demonstrating that her claim was timely.

Accordingly, it is this 21st day of August, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff IS GRANTED twenty-eight (28) days from the date of this Order to provide this court with further information regarding her entitlement to equitable tolling of the 60-day statute of limitations;

2. Defendant IS GRANTED twenty-one (21) days to respond to Plaintiff's response;

3. Plaintiff is cautioned that failure to provide information entitling her to equitable tolling may result in the approval of Magistrate Judge Gallagher's Report and Recommendations and the dismissal of her complaint without further notice as time-barred; and

4. The Clerk IS DIRECTED to mail a copy of this Order to Plaintiff and to transmit same to counsel of record.

/s/
DEBORAH K. CHASANOW
United States District Judge