```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|                              |   |                            |
|------------------------------|---|----------------------------|
| KIMBERLY S.Y.                | : |                            |
|                              | : |                            |
| v.                           | : | Civil Action No. DKC 18-0047 |
|                              | : |                            |
| COMMISSIONER, SOCIAL SECURITY | : |                            |
|                              | : |                            |

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION ABSENT TIMELY OBJECTION**

This Order is issued upon consideration of the Report and Recommendation of United States Magistrate Judge Stephanie A. Gallagher dated July 9, 2018, and upon expiration of the time allowed for objections pursuant to Rule 72 of the Federal Rules of Civil Procedure, no objection having been received. Judge Gallagher recommended granting Defendant's motion to dismiss because Plaintiff filed her case after the statutory limitations period had run.

After initial review of the Report and Recommendation and the record, the court issued a Memorandum Opinion and Order granting Plaintiff Kimberly S.Y. ("Plaintiff") 28 days to provide information regarding potential entitlement to equitable tolling. (ECF No. 20). Plaintiff filed correspondence in response to the court's Order on August 29, 2018. (ECF No. 21). The correspondence asserts that Plaintiff does "not have any legal representation," possesses "a [ninth] grade education with a GED,"

and "find[s] a lot of legal terms unidentifiable." (*Id.*, at 1). Plaintiff states that she had a difficult time discerning where she should file her complaint and requested clarification of the filing process from the Office of Disability Adjudication and Review ("ODAR"). (*Id.*) Finally, Plaintiff explains the process she undertook to file her complaint with the court.

Defendant Social Security Administration ("Defendant") filed a reply to Plaintiff's correspondence on September 19, 2018. (ECF No. 22). Defendant's reply argues that "[b]ecause [Plaintiff] did not commence this action for judicial review by July 17, 2017, [Plaintiff]'s complaint should be dismissed in its entirety as untimely." (*Id.*, at 2). Defendant concedes that: (1) Plaintiff sent correspondence to ODAR during the filing period; (2) ODAR failed to respond to Plaintiff's correspondence; and (3) the letter should have been considered an "implied request to reopen the Administrative Law Judge's decision." (*Id.*, at 4). Defendant contends, however, that this oversight had no effect on the 60-day filing period and adds that Plaintiff is ineligible for equitable tolling because neither extraordinary circumstances nor Defendant's wrongful conduct prohibited her from timely filing her claim. (*Id.*, at 3-6).

First, the 60-day filing period was unaffected by Plaintiff's correspondence to ODAR. The filing period commenced when Plaintiff

received the Social Security Administration's May 12, 2017 letter ("appeal letter") indicating that her request for review was denied. (ECF No. 15-2, at 19-21). The filing period continued to run despite Plaintiff's June 21, 2017 letter to ODAR because the correspondence did not include a request to extend the filing period. (ECF No. 22-1, at 3-6). Additionally, even if ODAR construed Plaintiff's correspondence as a request to reopen her claim, it would not have had any bearing on the filing period. *See, e.g., Triplett v. Heckler*, 767 F.2d 210 (5th Cir. 1985) (holding that provision of additional information to Appeals Council, and the Appeals Council's review of that information, did not restart the period in which plaintiff may file a complaint seeking judicial review).

Second, although documents filed by a *pro se* party are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," Plaintiff still fails to demonstrate that her tardiness warrants equitable tolling of the 60-day filing period. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Equitable tolling is applied when (1) "the plaintiff[] [was] prevented from asserting their claim[] by some kind of wrongful conduct on the part of the defendant" or (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United* States, 107 F.3d 696, 700 (9th Cir. 1996)).

ODAR's lack of response to Plaintiff's request for additional information was careless, but it does not entitle Plaintiff to equitable tolling. The appeal letter clearly stated the guidelines Plaintiff must follow to seek judicial review of ODAR's appeal decision, directing Plaintiff to "file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which [she] live[s]." (ECF No. 15-2, at 20). The United States Courts provide an online court locator that would allow Plaintiff to find the proper filing location without ODAR's assistance. *See* Court Locator, https://www.uscourts.gov/court-locator. The appeal letter also provided directions for requesting an extension of the 60-day filing deadline, directing Plaintiff to "mail [her] request for more time to the Appeals Council at the address shown at the top of this notice." (ECF No. 15-2, at 21). Plaintiff's ability timely to proceed with her case was not reliant upon ODAR's response to her requests for direction. Thus, ODAR's decision to ignore Plaintiff's June 21, 2017 correspondence does not constitute wrongful conduct that prevented Plaintiff from filing a civil action.

Additionally, Plaintiff's references to her *pro se* status, lack of education, and confusion about the process for seeking judicial review are not extraordinary circumstances that prevented her from timely filing her claim. Instead, this list of excuses is "at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Thus, Plaintiff is ineligible for equitable tolling of the 60-day statutory period and Judge Gallagher's proposed disposition is appropriate.

Accordingly, it is this 23rd day of January, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Magistrate Judge Gallagher's Report and Recommendation BE, and the same hereby IS, ADOPTED;

2. The motion to dismiss filed by Nancy A. Berryhill, Acting Commissioner of Social Security (ECF No. 15) BE and the same hereby IS, GRANTED;

3. Plaintiff's complaint BE, and the same hereby IS, DISMISSED; and

4. The Clerk IS DIRECTED to transmit copies of this Order to counsel of record and CLOSE this case.

/s/
DEBORAH K. CHASANOW
United States District Judge